UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

DIANNA BURKINDINE

       Plaintiff,

V.                                 CIVIL ACTION NO

TEK-COLLECT INCORPORATED

Defendant.                         APRIL 16, 2010

## COMPLAINT

   1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

   2. The Court's jurisdiction is conferred by 15 U.S.C. §1692k and 28 U.S.C. §1331 and 1367.

   3. Plaintiff is a natural person who resides in Churchville, MD.

   4.  Defendant is a licensed collection agency and has a place of business as 871 PARK STREETCOLUMBIA, OH 43215

   5. Plaintiff is a consumer within the FDCPA.

   6. Defendant is a debt collector within the FDCPA.

   7. Defendant is a collector within the MCDCA.

8. Defendant communicated with Plaintiff or others on or after one year before the date of this action, in connection with collection efforts with regard to Plaintiff's disputed personal debt.

9. The Plaintiff contacted the Defendant via telephone on December 22, 2009 in an attempt to dispute a debt alleged by Defendant to be owed by Plaintiff.

10. The Defendant advised Plaintiff, through a collection agent, that she had no right to dispute the alleged debt owed.  This statement is false misleading and deceptive in violation of §1692e and §1692g.

11. The Defendant failed to advise the Plaintiff of the required notice pursuant to §1692e (11).

12. The Defendant advised the Plaintiff that if she wanted to orally dispute this debt, she was required by federal law to do so in writing, in violation of §1692e and g.

13. The Defendant advised the Plaintiff that if she wanted to orally dispute this debt, she was required by federal law to do so in writing and she was also required to mail the dispute letter, in violation of 1692e and g.

14. The Defendant stated to the Plaintiff that she should "first call Bay Oil, to see if the information they have jogs your memory of owing this bill and then just pay it, because you owe it."

2

15.  The Defendant advised the Plaintiff that he would report this debt to the Credit Bureaus, without noting her dispute, in violation of §1692e (8).

16.  The Defendant advised the Plaintiff that her dispute was "invalid."

17.  The Defendant advised the Plaintiff that her reason for the dispute did not qualify with federal laws (FDCPA) criteria of a valid dispute.  This representation is false, deceptive and misleading, as the FDCPA has no criteria regarding disputed debts.

18. In the collection efforts, the Defendant violated the FDCPA; inter alia, section 1692c, e, f and g.

SECOND COUNT:

19. The allegations of the First Count are repeated and realleged as if fully set forth herein.

20. The Plaintiff disputed the accuracy of the amount of the debt TEK-Collect was attempting to collect and so advised the Defendant.

21. Based on information and belief TEK-Collect willfully or negligently reported  or caused the credit report of the Plaintiff to be reported without note of dispute in violation of the FCRA.

22.  As a result of the above alleged FCRA violations, Plaintiff has suffered substantial actual damages in frustration, anger humiliation, fee, embarrassment and other emotional and mental anguish.

23. As a result of these FCRA violations, Defendant is liable to Plaintiff for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. 1681n(a) (2), and for attorneys fees and costs pursuant to 1681n and 1681o.

THIRD COUNT

24. The allegations of the First Count are repeated and realleged as if fully set forth herein.

25. Within three years prior to the date of this action Defendant has engaged in acts and practices as to Plaintiff in violation of the Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA").

26. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

WHEREFORE Plaintiff respectfully requests this Court to:

1.   Award Plaintiff statutory damages pursuant to the FDCPA on Count I.

2.   Award Plaintiff statutory damages pursuant to the FCRA on Count II.

3.   Award Plaintiff statutory damages pursuant to the MCDCA on Count III.

4. Award such other and further relief as this Court may see fit.

`

THE PLAINTIFF
 BY_____
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph   (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com